IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRELIJAH J. MUHAMMAD,                *
                                     *
        Petitioner,                  *
                                     *
vs.                                  *    CIVIL ACTION NO. 18-00209-KD-B
                                     *
RAY NORRIS,                          *
                                     *
        Respondent.                  *

## REPORT AND RECOMMENDATION

Petitioner Drelijah J. Muhammad[1] filed a petition ostensibly seeking relief under 28 U.S.C. § 2241.[2] (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR (72(a)(2)(R) for appropriate action. Because Muhammad has failed to prosecute and to comply with the Court's Orders dated May 21, 2018 (doc. 14), and June 4, 2018 (doc. 17), it is recommended that this action be dismissed without prejudice.[3]

_____

[1] Petitioner, a frequent litigant before this Court, utilizes a variety of aliases. However, the Alabama Department of Corrections lists Petitioner's legal name as Marcus Taite, AIS No. 180664.

[2] Muhammad's complaint consists of seven (7) handwritten pages in which he states, *inter alia*, that he has been detained in the Clarke County, Alabama, jail; has not committed a crime; and has never been adjudged guilty of a crime. (Doc. 1 at 2-4). He makes no reference to any statute under which his claims may arise, but merely requests that the Court issue a writ of habeas corpus. Accordingly, based on a close reading and liberal construction of Muhammad's filing, the Court has interpreted his claim as arising under 28 U.S.C. § 2241, as he is seemingly challenging the execution of his sentence. See 28 U.S.C. § 2241; Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

[3] In light of the Court's recommendation that this action be dismissed, the undersigned also recommends that Muhammad's motion to amend his complaint (doc. 9), motion for the re-instatement of parole (doc. 12), and petition for writ of

Muhammad filed his petition on May 2, 2018. (Doc. 1). At the time of his filing, he did not pay the $5.00 statutory filing fee, nor did he file a motion to proceed without prepayment of fees. Accordingly, in an order dated May 21, 2018, the Court directed Muhammad to pay the statutory filing fee or file a motion to proceed without prepayment of fees by June 5, 2018. (Doc. 14). On June 1, 2018, Muhammad's copy of the Court's order dated May 21, 2018 was returned as undeliverable. (Doc. 15). A search of the website for the Alabama Department of Corrections revealed that Muhammad has been transferred to a new institution; however, he neglected to advise the Court of the change in his address. Accordingly, the Court issued an order dated June 4, 2018, again directing Muhammad to pay the statutory filing fee or file a motion to proceed without prepayment of fees by June 19, 2018. (Doc. 17). The order was mailed to Muhammad at his new institution. As of the date of the instant report and recommendation, Muhammad has not paid the statutory filing fee, nor has he filed a motion to proceed without prepayment of fees. Instead, he has filed two responses to the Court's order wherein he contends that the filing fee was "paid in full by Sheriff Ray Norris[] and Faye Norris[.]" (Docs. 19 at 1; 20 at 2). However, a careful review of the docket reflects that the Court has not received a filing fee in this action, on Muhammad's behalf, from anyone. Additionally, Muhammad has not produced any evidence that

_____

mandamus (doc. 13) be **DENIED as moot.**

demonstrates that the filing fee has been paid in this action.

Accordingly, due to Muhammad's failure to comply with the Court's Orders dated May 21, 2018 (doc. 14), and June 4, 2018 (doc. 17), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed.

2d 140 (1993).

To the extent that Muhammad disputes the Court's finding of failure to pay the filing fee and desires to proceed with the litigation of his action, he shall include with an objection to the report and recommendation any documents that support his assertion that the filing fee has been paid in this action. See Wilson, 414 F.3d at 1320 (citing Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

4

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** this **29th** day of **June, 2018**.

                                 **/s/ SONJA F. BIVINS**
                           **UNITED STATES MAGISTRATE JUDGE**